IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 05-cv-02502-LTB-MJW

CHARLES CHURCH McKAY and RAC DEVELOPMENT CORPORATION,

    Plaintiffs,

v.

UNITED STATES OF AMERICA; ROCKWELL INTERNATIONAL CORPORATION; and KAISERHILL COMPANY, LLC,

    Defendants.

_____

ORDER
_____

The claims here presented arise out of a December 14, 1984 settlement agreement ("Settlement Agreement") between the plaintiff Charles Church McKay, the United States Department of Energy ("DOE"), the defendant Rockwell International Corporation ("Rockwell") and other persons not parties to this case. The Settlement Agreement, attached to and incorporated by reference into the Complaint, resolved a prior proceeding in this Court and provided that a judge of this Court would retain jurisdiction to enforce it until July 8, 1986. Defendants Rockwell and Kaiser-Hill Company ("Kaiser-Hill"), supposing any retention of jurisdiction to have expired, move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).

Because federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Doubts are to be resolved against federal jurisdiction. *United States ex rel. King v. Hillcrest Health Center, Inc.*, 264 F.3d 1271, 1280 (10th Cir. 2001), *cert. denied*, 535 U.S. 905, 122 S. Ct. 1205, 152 L. Ed. 2d 143 (2002).

Enforcement of a settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A court may retain ancillary jurisdiction to enforce a settlement agreement where the terms of the agreement are made part of the order of dismissal – "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381. The presiding judge's "mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.*

Kaiser-Hill and Rockwell have produced the order by which the original proceedings were dismissed. The presiding judge dismissed with prejudice all claims not previously resolved pursuant to Rule 54(b). Contrary to the plaintiffs' assertions, the order does not contain a retention of jurisdiction and does not incorporate the Settlement Agreement.

Though the parties in their Settlement Agreement contemplated that this Court would retain ancillary jurisdiction until July 8, 1986, that proposed retention did not find its way into this Court's order of dismissal. In any event, the deadline, having now expired, does not assist the

plaintiffs here.  Enforcement of the Settlement Agreement is now for Colorado state courts, unless the plaintiffs can identify some independent basis for federal jurisdiction, which they have done neither in their Complaint nor in their briefs.  *Morris v. City of Hobart*, 39 F.3d 1105, 1110-1111 (10th Cir. 1994), *cert. denied* 514 U.S. 1109, 115 S. Ct. 1960, 131 L. Ed. 2d 852 (1995).

Accordingly, it is ORDERED that:

1) the motion of the defendants Rockwell International Corporation and Kaiser-Hill Company to dismiss for lack of jurisdiction is GRANTED;

2) all claims against the defendants  Rockwell International Corporation and Kaiser-Hill Company are DISMISSED with costs; and

3) the plaintiff shall, on or before February 24, 2006, show cause why all claims against the defendant United States of America shall not be dismissed.

Dated: January   30  , 2006, in Denver, Colorado.

                                          BY THE COURT:

                                            s/Lewis T. Babcock
                                          Lewis T. Babcock, Chief Judge