IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 05-cv-02502-LTB-MJW

CHARLES CHURCH McKAY and RAC DEVELOPMENT CORPORATION,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

ORDER
_____

The claims here presented arise out of a December 14, 1984 settlement agreement ("Settlement Agreement") between the plaintiff Charles Church McKay, the United States Department of Energy ("DOE"), former defendant Rockwell International Corporation ("Rockwell") and other persons not parties to this case. I previously dismissed all claims against Rockwell and another defendant, Kaiser-Hill Company ("Kaiser-Hill"), for lack of subject matter jurisdiction. I found and concluded that the Settlement Agreement had not been made part of the order of dismissal of prior proceedings in this Court and that, even if it had been incorporated, any reservation of ancillary jurisdiction expired on July 8, 1986. I ordered the plaintiffs to show cause why the claims against the United States should not also be dismissed. The Government has since moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and the plaintiffs have responded both to the order to show cause and to the motion.

Contrary to the plaintiffs' protestations, I see no reason to reconsider my ruling that no

ancillary jurisdiction persisted after the termination of the prior proceedings. The order of dismissal in those cases stated, "It is, therefore, hereby ordered that these consolidated [cases] are hereby dismissed, with prejudice, except for those issues resolved by this Court's Findings of Fact and Conclusions of Law of July 3, 1985, and the Rule 54(b) Certification of such Findings and Conclusions." One would expect the order sensibly to exclude claims previously disposed of pursuant to Rule 54(b) precisely because those claims had previously been disposed of. The argument that the Court intended to retain jurisdiction particularly over claims previously dismissed and severed for the entry of final judgment is meritless.

The plaintiffs seek specific enforcement of the Settlement Agreement. Jurisdiction to enforce contracts against the United States Government vests in the Court of Federal Claims pursuant to 28 U.S.C. § 1491 ("Tucker Act") and, in cases where the amount in controversy is $10,000 or less, in federal district courts pursuant to 28 U.S.C. § 1346(a)(2) ("Little Tucker Act"). Neither the Tucker Act nor the Little Tucker Act, which waive the Government's sovereign immunity only in the circumstances specified therein, authorize relief other than money damages for contract claims. *Lee v. Thornton*, 420 U.S. 139, 140, 95 S. Ct. 853, 43 L. Ed. 2d 85 (1975).

The plaintiffs argue that the Government waived its sovereign immunity by executing the Settlement Agreement in its private contracting, rather than sovereign, capacity. In its private capacity, the plaintiffs urge, the DOE permissibly specified injunctive relief as the remedy for any breach of the Settlement Agreement. It cites *Kimberly Associates v. United States*, 261 F.3d 864 (9th Cir. 2001), a quiet title action in which the Ninth Circuit held that the Government had waived its sovereign immunity pursuant to 28 U.S.C. § 2410(a). Even if that case was on point (it is not),

I need not look to the Ninth Circuit for dispositive authority. As the Tenth Circuit explained in *United States v. Murdock Mach. and Engineering Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996), *reh'g denied*, (1996), the Government waives its immunity from injunctive relief only when Congress unequivocally expresses its intention to waive immunity in a statutory text. "Because waiver must be 'unequivocally expressed' by Congress, 'officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court.'" *Id.* at 931, *quoting United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 660, 67 S. Ct. 601, 91 L. Ed. 577 (1947).

Commending the conclusion that Congress did not waive immunity from injunctive relief in contract actions such as this brought pursuant to 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1) is that it did so expressly for other suits brought under the Tucker Act. 28 U.S.C. Section 1491(a)(2) empowers the Court of Federal Claims, in order to "provide an entire remedy and to complete the relief afforded by" a judgment and "as an incident of and collateral to any such judgment, [to] issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States." The plaintiff's desired relief falls into none of these narrow circumstances. Similarly, subsection (b)(2), which authorizes courts to provide declaratory and injunctive relief in response to objections to solicitations of bids and procurements, provides the plaintiffs no assistance. Had Congress intended to extend that largesse to breach of contract claimants, it could have done so, but it did not.

The plaintiffs suggest in their response (not a motion) that leave should be afforded to amend their complaint to state a quiet title claim under 28 U.S.C. § 2409a. The relation, if any, of

that claim to the claims currently before me is, at best, murky.  To the extent that the plaintiffs through the proposed claim seek the relief that they cannot obtain pursuant to their contract claims, it must be dismissed and amendment to include it would be futile.  *Ortiz v. United States*, 661 F.2d 826, 830 (10th Cir. 1981).  The plaintiffs have the right to amend their complaint once as a matter of course before a responsive pleading is filed.  Fed. R. Civ. P. 15(a).  They have not done so.  The claims before me must be dismissed for lack of jurisdiction and the plaintiffs have not demonstrated that their proposed claim arises out of the conduct, transaction, or occurrence set forth in their complaint.   Fed. R. Civ. P. 15(c)(2).  If the plaintiffs possess a claim to quiet title, nothing impedes them from filing a new action.

       Accordingly, it is ORDERED that:

1) the United States' motion to dismiss for lack of jurisdiction is GRANTED; and

2) all claims against the United States are DISMISSED with costs awarded to the United States.

Dated: March __1__, 2006, in Denver, Colorado.

                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        Lewis T. Babcock, Chief Judge